Kirkpatrick C. J.
William Little, jun. was one of the *83 justices of the peace for the county of Sussex. An action was entered in his docket, in which John Robson was • plaintiff, against Amzi Chichester, and John Moore, defendants. In this action, Amzi Chichester, one of the defendants, appeared before the justice and confessed judgment to the plaintiff, for 9 dollars, 48 *cents, being the amount of a note of hand, dated October 29, 1816, and purporting to be signed by the said defendants. Upon this confession, the justice entered judgment, and issued execution against both the said defendants, and put the execution into the hands of one John Royd, a constable, to be executed. And for the issuing of this execution, this action is brought.
Moore, the plaintiff, no doubt supposing this judgment to be absolutely void, sets forth in his state of demand, that Little granted this execution against him without authority, having no judgment recorded against him, and avers that it was done maliciously, and with intent to harass and oppress him ; and then concludes by saying, in general terms that he was thereby harassed and greatly oppressed, to his damage 15 dollars. But he does not say that the execution was executed, or that he was obliged to pay the amount, nor does he lay any other damage, specially, (a) In this, therefore, his state of demand is deficient.
In entering judgment, and issuing execution, against both these defendants, upon the confession of Chichester alone, the justice undoubtedly mistook the law; but it is a mistake into which many have fallen, as well as he, and no more subjects him to an action, than any other mistake in judgment. Nay, it is even less gross than the mistake in the very action now before us. Shall it be said, then, that Little has an action against this justice also ? Where would all this end ?
It may be laid down as a universal position, which admits of no exception, that for a mere error of judgment, in the execution of his office, no action can be maintained against a judge of any court. With respect to special and limited jurisdictions, it is said, that if the judge shall exceed his powers, the whole proceeding is coram non judicie, and void; and that all concerned in *84 such void proceeding, ,as well the judge, as the ministerial officer, are liable in trespass ; but while within his jurisdiction, adjudicating upon matters lawfully submitted to him, how erroneous soever his opinions, he is not liable. In courts of general jurisdiction, an action never lies against the judge, because he has jurisdiction of ah causes; in courts of limited jurisdiction, itlies only when he exceeds that jurisdiction, and therefore is not in the exercise of his judicial authority. The principle, therefore, is the same in all courts. It is a principle, which lies at the very foundation of a free, vigorous, and independent administration of justice. It may *be traced from the earliest periods of our juridical history, down to the present day. To see it fully discussed, reference may he had to 1 Hawk. 850. 2 Black. Rep. 1141. 1 L. Raym. 454. Cowp. 172, and a multitude of other books, not necessary to be cited. Indeed, were we to subject the judges of the established courts of justice, to private prosecutions, whenever the passions or resentments of disappointed suitors might dictate that measure, we should subdue their independence, and destroy their authority.
This judgment, therefore, must be reversed:

 See Jeffers vs. Johnson, 1 Zab. 73.